TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
SHAWN T. ANDREWS (Cal. Bar No. 319565)
Assistant United States Attorney
Deputy Chief, Major Crimes Section
      1300 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-6104
      Facsimile: (213) 894-3713
      E-mail:    shawn.andrews@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 25-413-AB |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ROBERTO CARLOS AGUILAR, et al., | |
| Defendants. | **CURRENT TRIAL DATE: July 21, 2026** |
| | **[PROPOSED] TRIAL DATE: October 12, 2027** |
| | **[PROPOSED] STATUS CONFERENCE DATE: October 1, 2027** |

Plaintiff United States of America, by and through its counsel of record, the First United States Attorney for the Central District of California and Assistant United States Attorney Shawn T. Andrews, and defendants ROBERTO CARLOS AGUILAR, both individually and by and through his counsel of record, Mark Kassabian; GREVIL ZELAYA SANTIAGO, both individually and by and through his counsel of record, James Chavez; and DENNIS ANAYA URIAS, both individually and by and

through his counsels of record, Deputy Federal Public Defenders Aimee Carlisle and Howard Schneider hereby stipulate as follows:

1.    The Indictment in this case was filed on May 28, 2025. Following the issuance of that Indictment, the defendants first appeared before a judicial officer of the court in which the charges in this case were pending on June 3, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, required that the trial of the defendants commence on or before August 12, 2025.

2.    Following the defendants' initial appearances, the Court set a trial date of July 22, 2025, and a status conference date of July 11, 2025 (which was later moved to July 9, 2025).  Then, following a stipulation filed by the parties, the Court moved the trial date to July 21, 2026, and the status conference to July 10, 2026.  The order passed by the Court contained findings excluding the interim period between July 11, 2025, and July 21, 2026, from computation under the Speedy Trial Act.

3.    Defendants are detained pending trial. The parties estimate that the trial in this matter will last approximately three weeks.

4.    By this stipulation, defendants move to continue their trial date to October 12, 2027, and their status conference date to October 1, 2027.

5.    This is the second request for a continuance.

6.    Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act.

a.    Defendants are charged with one count of violating 18 U.S.C. § 1959(a)(1), Murder in Aid of Racketeering; one count of violating 18 U.S.C. § 1513(f), Conspiracy to Retaliate Against a

2

Witness or Informant; and one count of 18 U.S.C. § 1513(a)(1)(B), Retaliation Against a Witness or Informant.

b.   The charges in this case carry the possibility of a sentence of death upon conviction and the Acting Attorney General has authorized and directed the United States Attorney's Office for the Central District of California to seek a sentence of death.  In light of that fact, counsel for the defendants will need ample time to review the discovery provided by the government and conduct investigations into the alleged facts underlying the charges in the case.

c.   In light of those circumstances, defense counsel represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date. This is particularly true in light of the fact that the defendants require the assistance of a Spanish interpreters.

d.   In light of the foregoing, defense counsel represent that additional time is necessary to confer with their clients, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.

e.   Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f.   Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

g.    The government does not object to the continuance.

h.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the government or the defense, or failure on the part of the attorneys for the government to obtain available witnesses.

7.    For purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period from July 21, 2026, to October 12, 2027, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at the defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and the defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so complex due to the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.

Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: April 15, 2026                    Respectfully submitted,

                                         TODD BLANCHE
                                         Acting Attorney General

                                         BILAL A. ESSAYLI
                                         First Assistant United States
                                         Attorney

                                         ALEXANDER B. SCHWAB
                                         Assistant United States Attorney
                                         Chief, Criminal Division


                                         _____/s/_____
                                         SHAWN T. ANDREWS
                                         Assistant United States Attorney

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

5

I am ROBERTO CARLOS AGUILAR's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than October 12, 2027, is an informed and voluntary one.

_____     March 26, 2026
MARK KASSABIAN                        Date
Attorney for Defendant
ROBERTO CARLOS AGUILAR

This agreement has been read to me in Spanish, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than October 12, 2027.

_____     03-26-2026
ROBERTO CARLOS AGUILAR                Date
Defendant

I, Alejandro Franco a court certified Spanish interpreter certify that I translated and read this document into the Spanish language for the defendant, Roberto Carlos Aguilar.

Alejandro L. Franco     03/26/2026

6

I am GREVIL ZELAYA SANTIAGO's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than October 12, 2027, is an informed and voluntary one.

_____     _____ 4/14/26 _____
JAMES CHAVEZ                 Date
Attorney for Defendant
GREVIL ZELAYA SANTIAGO

This agreement has been read to me in Spanish, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than October 12, 2027.

_____     _____ 4/14/26 _____
GREVIL ZELAYA SANTIAGO       Date
Defendant

7

I am DENNIS ANAYA URIAS's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than October 12, 2027, is an informed and voluntary one.

_____*aimeecarlisle*_____        _____3/18/26_____
AIMEE CARLISLE                        Date
HOWARD SCHNEIDER
Deputy Federal Public Defenders
Attorneys for Defendant
DENNIS ANAYA URIAS

This agreement has been read to me in Spanish, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than October 12, 2027.

_____        3-18-2026
DENNIS ANAYA URIAS              Date
Defendant

MICHAEL KAGAN
Federally Certified Spanish
Interpreter        3/18/2026

8